UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MITCHEL HYMAN, individually and derivatively on behalf of Ramones Productions, Inc.,<br><br>   Plaintiff,<br><br> -against-<br><br>LINDA CUMMINGS-RAMONE, individually and as a Purported Trustee of the Linda Cummings-Ramone Living Trust and Survivor Trust,<br><br>   Defendant. | Case No.: 1:24-cv-05920-MKB-JAM |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Adam R. Mandelsberg
Gabriella Romanos Abihabib
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Tel: 212.261.6867
Fax: 212.977.1649
AMandelsberg@perkinscoie.com

Oliver M. Gold (admitted *pro hac vice*)
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Tel: 310.788.3291
OGold@perkinscoie.com

*Attorneys for Defendant Linda Ramone, Individually and as a Trustee of the Linda Cummings-Ramone Living Trust and Survivor Trust*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...................................................................................................................................3

    (1) Dismissal Is Appropriate Under the FAA..................................................................3

    (2) *Smith v. Spizzirri* Is Inapplicable..............................................................................4

    (3) None of the Claims May Be Litigated......................................................................5

    (4) Ms. Ramone Did Not Waive Arbitration..................................................................6

CONCLUSION................................................................................................................................8

## TABLE OF AUTHORITIES

**CASES**

*Allstate Ins. Co. v. Elzanaty*,
  929 F. Supp. 2d 199 (E.D.N.Y. 2013) ................................................................................... 7

*Am. E Grp. LLC v. Livewire Ergogenics Inc.*,
  432 F. Supp. 3d 390 (S.D.N.Y. 2020) .................................................................................. 6

*Barrows v. Brinker Rest. Corp.*,
  36 F.4th 45 (2d Cir. 2022) ................................................................................................ 1, 4

*Cotton v. Slone*,
  4 F.3d 176 (2d Cir. 1993) ........................................................................................ 3, 6, 7, 8

*First Options of Chi., Inc. v. Kaplan*,
  514 U.S. 938 (1995) .......................................................................................................... 1, 5

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
  586 U.S. 63 (2019) ............................................................................................................ 2, 5

*Modern Perfection, LLC v. Bank of Am., N.A.*,
  126 F.4th 235 (4th Cir. 2025) ........................................................................................... 1, 4

*N.Y. Packaging II, LLC v. Intco Med. Indus., Inc.*,
  No. 21-cv-04388, 2023 WL 2970126 (E.D.N.Y. Jan. 3, 2023) ........................................ 1, 4

*SEC v. Collector's Coffee Inc.*,
  No. 19 Civ. 4355, 2020 WL 3869205 (S.D.N.Y. July 9, 2020) ........................................... 3

*Smith v. Spizzirri*,
  601 U.S. 472 (2024) ..................................................................................................... 1, 2, 4

*Wallrich v. Samsung Elecs. Am., Inc.*,
  106 F.4th 609 (7th Cir. 2024) ........................................................................................... 2, 4

**STATUTES**

Federal Arbitration Act ........................................................................................................ 1, 3, 4

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) .............................................................. 1

Local Civil Rule 7.1(a) ................................................................................................................. 3

**PRELIMINARY STATEMENT**

Mr. Hyman seeks to bypass the Shareholders Agreement's mandatory arbitration requirement on inapplicable grounds that elevate form over substance.

*First*, Mr. Hyman urges denial of the motion to dismiss "because it fails to identify the Federal Rule of Civil Procedure under which it arises." Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Opposition" or "Opp'n") at 1, 7-9. The Opposition ignores that this very question has long "vex[ed]" the Second Circuit. *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 49 n.6 (2d Cir. 2022). "Courts in the Second Circuit have observed that 'there is a lack of clarity in the case law . . . as to what procedural mechanism should be employed by courts evaluating the enforceability of an arbitration agreement,' Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), or Section 4 of the Federal Arbitration Act." *N.Y. Packaging II, LLC v. Intco Med. Indus., Inc.*, No. 21-cv-04388, 2023 WL 2970126, at *2 (E.D.N.Y. Jan. 3, 2023). The academic question remains unresolved largely because courts in this Circuit have concluded that it presents a distinction without a difference. *See id.* (collecting cases). That is particularly so where, as here, Ms. Ramone's motion expressly assumes the truth of the allegations in Mr. Hyman's First Amended Complaint. *See* Mem. of Law in Supp. of Def.'s Mot. to Dismiss the FAC ("Moving Brief" or "Br.") at 2 n.1. Even with the benefit of that assumption, the claims asserted in the FAC cannot survive the parties' clearcut arbitration agreement. They are subject to dismissal under the Federal Arbitration Act, if not also Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

*Second*, Mr. Hyman misreads a recent decision of the U.S. Supreme Court as holding that motions to dismiss are "an inappropriate vehicle to argue claims should be dismissed because they are subject to an arbitration provision." Opp'n at 9-12 (citing *Smith v. Spizzirri*, 601 U.S. 472 (2024)). The *Smith* Court said nothing of the sort, and both courts of appeals that have addressed the issue have specifically rejected Mr. Hyman's distorted interpretation. *See Modern Perfection,*

*LLC v. Bank of Am., N.A.*, 126 F.4th 235, 244 (4th Cir. 2025) ("*Smith* says nothing about what happens when the [moving] party never requests a stay."); *Wallrich v. Samsung Elecs. Am., Inc.*, 106 F.4th 609, 617 (7th Cir. 2024) (same). *Smith* does **not** apply to dismissal pursuant to a clearcut arbitration agreement where, as here, neither party requested a stay of proceedings.

*Third*, Mr. Hyman contends that a subset of claims "pertaining to the JOEY RAMONE mark" stand outside the parties' arbitration agreement. Opp'n at 13-14. The Opposition appears to rely on an excerpt from an arbitrator's 2019 findings related to similar issues and arguments between the parties. *Id.* (citing FAC, Ex. N at 12). Of course, the arbitrator did **not** find the parties' arbitration agreement to be inapplicable to claims regarding the JOEY RAMONE mark. To the contrary, the arbitrator resolved such claims in a binding arbitration pursuant to section 10(a) of the Shareholders Agreement. Any question of arbitrability in this matter should be resolved by a duly empaneled arbitrator in accordance with the AAA Commercial Rules incorporated by reference in the Shareholders Agreement and specifically reaffirmed in the Settlement Agreement. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65-68 (2019).

*Finally*, Mr. Hyman argues that Ms. Ramone waived her right to enforce the parties' mandatory arbitration agreement by virtue of her January 2024 filing of a state court action asserting tort claims, including breach of fiduciary duty and unjust enrichment, against Mr. Hyman and his appointed RPI director. Opp'n at 14-17. The Opposition neglects to mention that Ms. Ramone's state court filing was necessitated by Mr. Hyman's meritless petition to stay a binding mediation commenced by Ms. Ramone seeking to redress destructive and counter-productive actions undertaken by Mr. Hyman's appointed RPI director. With respect to the claims asserted in this action, Ms. Ramone timely filed the instant motion to dismiss the FAC (and promptly filed a pre-motion letter previewing a motion to dismiss the original complaint). Ms. Ramone has not

2

litigated the merits of Mr. Hyman's claims, let alone engaged in the sort of prejudicial "protracted litigation" required to support a litigation conduct waiver. *See Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993).

This Court should reject Mr. Hyman's unsupported attempt to evade the parties' plainly applicable arbitration agreement.

## ARGUMENT

The Opposition does not offer any factual or legal basis to discard the parties' unequivocal mandatory arbitration agreement. Mr. Hyman's claims should be dismissed with prejudice pursuant to section 4 of the FAA and binding case law, which confirms the "strong presumption in favor of arbitration." *Cotton*, 4 F.3d at 176.

***(1) Dismissal Is Appropriate Under the FAA.*** Mr. Hyman's principal argument is that Ms. Ramone did not "identify the Federal Rule of Civil Procedure under which" her dispositive motion arises. Opp'n at 7-9. There is no such legal requirement. Local Civil Rule 7.1(a) provides that a motion "must specify the applicable rules **or statutes** pursuant to which the motion is brought." L. Civ. R. 7.1(a) (emphasis added) (cited in Opp'n at 9). And the lone decisional authority offered in support of Mr. Hyman's sweeping legal proposition merely noted that respondents to a contempt motion were "entitled to a brief that lays out the elements of what must be proven for each of the bases that the [moving party] relies on." *SEC v. Collector's Coffee Inc.*, No. 19 Civ. 4355, 2020 WL 3869205, at *2 (S.D.N.Y. July 9, 2020). Setting aside the fact that *Collector's Coffee* arose outside the arbitration context and did not concern a motion to dismiss, Ms. Ramone's Moving Brief plainly adhered to both Magistrate Judge Gorenstein's requirements as well as the Local Civil Rules. Therein, Ms. Ramone set forth the specific legal and factual bases for dismissal of the present claims under the FAA in deference to the Shareholders Agreement's mandatory arbitration process. Br. at 5-9.

3

Mr. Hyman's apparent suggestion that Ms. Ramone may not rely on the FAA as a basis for dismissal lacks any support. Indeed, courts in this Circuit routinely dismiss claims subject to mandatory arbitration agreements pursuant to section 4 of the FAA. *See, e.g.*, *Barrows*, 36 F.4th at 49 n.6 (evaluating motion to dismiss in deference to arbitration agreement under FAA); *Harrington Atl. Sounding Co., Inc.*, 602 F.3d 113, 117, 124 (2d Cir. 2010) (same). But setting aside the "lack of clarity in the case law . . . as to what procedural mechanism should be employed by courts evaluating the enforceability of an arbitration agreement," *N.Y. Packaging II, LLC*, 2023 WL 2970126, at *2, this is a distinction without a difference. The Moving Brief assumes *arguendo*, for purposes of this motion, that Mr. Hyman's factual allegations are true. Br. at 2 n.1. Even under that most deferential standard of review, Mr. Hyman's allegations do not – and cannot – displace the parties' clearcut, plainly applicable arbitration agreement. Whether under the FAA or Federal Rule of Civil Procedure 12, the claims should be dismissed in favor of the mandatory arbitration process set forth in the Shareholders Agreement.

**(2) Smith v. Spizzirri Is Inapplicable.** The U.S. Supreme Court's decision in *Smith v. Spizzirri*, 601 U.S. 472 (2024), is inapplicable to present circumstances. In *Smith*, the Court held that "[w]hen a federal court finds that a dispute is subject to arbitration, **and a party has requested a stay of the court proceeding pending arbitration**, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Id.* at 475-76 (emphasis added). That holding does not apply where, as here, neither party requested a stay. *See Modern Perfection, LLC*, 126 F.4th at 244; *Wallrich*, 106 F.4th at 617 (*Spizzirri*'s holding . . . did not address [FAA] § 4. It does not apply.").

In any event, Mr. Hyman invokes an entirely formalistic argument. Were he correct, that would merely counsel the Court's treatment of the present motion as a motion to stay the action

4

pending arbitration. It would remain the exclusive province of the duly empaneled arbitrator to resolve any question as to arbitrability, including with respect to the scope of the parties' arbitration agreement. That is because the agreement specifically incorporates by reference the applicable AAA Rules, *see* Shareholders Agreement § 10(a), which in turn provide that "**[t]he arbitrator** shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim, **without any need to refer such matters first to a court**." Decl. of Adam R. Mandelsberg, Ex. 1, R-7(a) (emphasis added). The Supreme Court has repeatedly held that the FAA "allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions," and further determined that the court has no role to play in deciding questions of arbitrability where, as here, the parties agreed to binding arbitration under AAA Rules. *Henry Schein, Inc.*, 586 U.S. at 65-66 (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-70 (2010); *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943-44 (1995). The Opposition offers no basis to upend basic canons of contract construction and more than a century of decisional law favoring enforcement of agreements to arbitrate.

**(3) *None of the Claims May Be Litigated.*** As a fallback, Mr. Hyman argues that a subset of his "claims pertaining to the JOEY RAMONE Mark clearly fall outside of the scope of the [sic] Section 10(a) of the 2005 Shareholders' Agreement" and should be resolved by this Court in the first instance. Opp'n at 12-14. Mr. Hyman is both factually and legally mistaken. *First*, insofar as the Opposition contends that Ms. Ramone's argument – *i.e.*, that the parties' arbitration agreement encompasses each of the claims asserted in the FAC – is wholly groundless, that phantom exception to rigorous enforcement of the parties' arbitration agreement was specifically abrogated by the Supreme Court. *See Henry Schein, Inc.*, 586 U.S. at 65 (The FAA "does not

5

contain a 'wholly groundless' exception, and we are not at liberty to rewrite the statute passed by Congress and signed by the President.").

*Second*, the Opposition misreads the parties' agreements. The fully integrated Settlement Agreement appended to the FAC makes clear that "**any dispute, claim or controversy arising under or relating to** the terms and provisions contained in paragraphs 4, 5, 6 or 7 hereof, shall be subject to the arbitration provisions contained in paragraph 10 of the Shareholders Agreement." Settlement Agreement, ¶ 12 (emphasis added). Paragraph 5 of the same agreement in turn provides that aside from certain inapplicable exceptions, "any use or exploitation of Ramones Intellectual Property" by either RPI shareholder "shall require the prior written approval from RPI or the other shareholder." *Id.* ¶ 5. Given the capacious definition of Ramones Intellectual Property set forth in the Shareholders Agreement (§ 9(b)) and the breadth of the dispute resolution provisions in the Shareholders Agreement and Settlement Agreement, it is unsurprising that similar claims concerning the use of the JOEY RAMONE mark were previously asserted in arbitration. *See* FAC, Ex. N at 12. Whether repackaged as tort or trademark infringement claims, Mr. Hyman's claims plainly relate to "Ramones Intellectual Party" as defined in the Shareholders Agreement and are therefore subject to the agreed-upon mandatory arbitration process.

**(4) Ms. Ramone Did Not Waive Arbitration.** The Opposition's suggestion that Ms. Ramone somehow waived her right to arbitrate under the Shareholders Agreement is meritless. "[T]here is a strong presumption in favor of arbitration and . . . waiver of the right to arbitration is not to be lightly inferred." *Cotton*, 4 F.3d at 179. "Waiver will be inferred when a party engages in protracted litigation that results in prejudice to the opposing party." *Id.*; *see Am. E Grp. LLC v. Livewire Ergogenics Inc.*, 432 F. Supp. 3d 390, 400 (S.D.N.Y. 2020) (dismissing claims asserted against third-party defendants, who answered complaint before moving to compel arbitration).

6

Here, Ms. Ramone timely (i) requested assignment to a District Judge in accordance with applicable court rules, *see* Dkt. No. 13; (ii) filed a letter request for a pre-motion conference previewing the legal bases for dismissal of the original complaint, Dkt. No. 16; and (iii) timely filed the present motion to dismiss the FAC. Ms. Ramone did not engage in any undue delay; indeed, it was Mr. Hyman who requested an elongated briefing schedule on the present Motion after filing the FAC, *see* 12/23/2024 Minute Order. At no point did Ms. Ramone litigate the merits of Mr. Hyman's claims.[1] Nor can Mr. Hyman credibly claim to have suffered any prejudice.

To the extent Mr. Hyman contends that Ms. Ramone's January 2024 state court complaint against Mr. Ramone and former RPI Director David Frey worked a forever waiver of her right to enforce the Shareholders Agreement's arbitration provision, he is again mistaken. Ms. Ramone's state court complaint asserts tort claims – namely, breach of fiduciary duty and unjust enrichment – to redress a litany of breaches and self-dealing by Mr. Hyman and Mr. Frey, who was removed for cause as a Director of RPI. *See* Reply Decl. of Adam R. Mandelsberg, Ex. 1. Ms. Ramone's state court filing was necessitated by Mr. Hyman's meritless but long-pending petition to stay a binding mediation commenced by Ms. Ramone pursuant to section 1(f) of the Shareholders Agreement. *See* Reply Decl. of Adam R. Mandelsberg, Ex. 2 & Ex. 3. Ms. Ramone's commencement of a separate action asserting disparate claims in a different forum cannot disturb the Second Circuit's "strong presumption in favor of arbitration." *Cotton*, 4 F.3d at 179.

---

[1] The Opposition's unsupported suggestion that Ms. Ramone waived her right "to address the allegations in the [FAC] . . . before the duly empaneled arbitrator, or, should this Court deny the present Motion, through future motion practice," Opp'n at 9 n.10, is likewise misplaced. Ms. Ramone properly confined her arguments before this Court to dismissal pursuant to the parties' arbitration agreement, in part, to avoid any suggestion of litigation waiver. Should the Court deny this Motion, Ms. Ramone reserves all rights, including, without limitation, her right to file a further motion to dismiss and/or motion for judgment on the pleadings. *See, e.g.*, *Allstate Ins. Co. v. Elzanaty*, 929 F. Supp. 2d 199, 214-15 (E.D.N.Y. 2013) (allowing "procedurally proper" second motion to dismiss, where first motion to dismiss accompanied motion to compel arbitration).

7

Ms. Ramone has not engaged in any merits litigation of Mr. Hyman's claims, let alone the sort of "protracted litigation that results in prejudice to the opposing party." *Id*. There is no basis to find a waiver of the governing arbitration agreement.

## CONCLUSION

The mandatory arbitration process set forth in the Shareholders Agreement, and reaffirmed in the Settlement Agreement, should be enforced as written. For the foregoing reasons and those discussed in the Moving Brief, this Court should grant Ms. Ramone's motion to dismiss in its entirety and dismiss, with prejudice, each of the claims in the First Amended Complaint.

Dated: New York, New York
March 21, 2025

PERKINS COIE LLP

By: */s/ Adam R. Mandelsberg*
Adam R. Mandelsberg
Gabriella Romanos Abihabib
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Tel: 212.261.6867
Fax: 212.977.1649
AMandelsberg@perkinscoie.com

Oliver M. Gold (admitted *pro hac vice*)
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Tel: 310.788.3291
OGold@perkinscoie.com

*Attorneys for Defendant Linda Ramone, Individually and as a Trustee of the Linda Cummings-Ramone Living Trust and Survivor Trust*

8

## WORD COUNT CERTIFICATION

Defendant's Memorandum of Law contains 2,516 words (including the text, headings, footnotes, and quotations, but excluding the table of contents, table of authorities, case caption, signature block, and certificate of service) and therefore complies with the 3,500 word limit set forth in Local Rule 7.1(c).

DATED: March 21, 2025

                                            PERKINS COIE LLP
                                            By: /s/ *Adam R. Mandelsberg*
                                            Adam R. Mandelsberg
                                            PERKINS COIE LLP
                                            1155 Avenue of the Americas, 22nd Floor
                                            New York, New York 10036-2711
                                            Tel: (212) 261-6867
                                            amandelsberg@perkinscoie.com

                                            *Attorneys for Defendant Linda Ramone,*
                                            *Individually and as a Trustee of the Linda*
                                            *Cummings-Ramone Living Trust and Survivor Trust*